1   RONALD J. LOGAR, ESQ.
    Nevada Bar #00303
2   JENNIFER CHRISTIE, ESQ.
    Nevada Bar # 8025
3   LAW OFFICES OF LOGAR & PULVER, PC
    225 S. Arlington Ave., Ste A
4   Reno, Nevada 89501
    (775) 786-5040
5
    **Michael J. Flynn, Mass. State Bar No.**
6   **Philip H. Stillman, California State Bar No. 152861**
    FLYNN & STILLMAN
7   224 Birmingham Drive, Suite 1A4
    Cardiff, CA 92007
8   Tel:   (888) 235-4279
    Fax:   (888) 235-4279
9
    *(Application for Admission Pro Hac Vice forthcoming)*
10
    Attorneys for Defendant DENNIS MONTGOMERY
11
                      **UNITED STAT**
12
                    **FOR THE DI:**     3:06-cv-00041
13
    ETREPPID TECHNOLOGIES, INC., a        )
14  California corporation,                )
                                           )   NOTICE OF REMOVAL OF ACTION UNDER 28
15              Plaintiff,                  )   U.S.C. § 1441(B) (DIVERSITY)
                                           )
16          vs.                            )
                                           )
17  DENNIS MONTGOMERY,                     )
                                           )
18              Defendant.                 )
    _____   )
19
20
21
22
23
24
25
26
27   Paid Amt $ _250_ Date _1-25-06_
28   Receipt # _18558_ Initials _SA_

U.S. DISTRICT COURT
DISTRICT OF NEVADA
FILED

JAN 2 5 06

CLERK, U.S. DISTRICT COURT
BY _____
                    DEPUTY

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Dennis Montgomery hereby removes to this Court the state court action described below.

1.     On January 19, 2006, an action was commenced in the Superior Court of the State of Nevada in and for the city of Reno, Washoe County, Nevada, entitled *eTreppid Technologies, Inc. v. Dennis Montgomery*, Case No. CV06-0114. A copy of the pleadings filed in the state court are attached hereto as Exhibit A.

2.     The first date upon which defendant Dennis Montgomery received a copy of said complaint was January 19, 2006, when defendant was served with a copy of the complaint from said state court. No summons was provided.

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action alleged to be between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs because the technology at issue in this action has been alleged by plaintiff to have a value in excess of $100 million dollars.

4.     Defendant is informed and believes that plaintiff eTreppid Technologies, Inc. was and still is a citizen of the state of California, based on eTreppid Tehcnologies, Inc.'s party allegation contained in the complaint. Defendant was, at the time of the filing of this action, and still is, a citizen of Nevada and is the only defendant other than "Doe" defendants named in the complaint and served with a copy of the complaint.

Dated: January 25, 2006                          LAW OFFICE OF LOGAR & PULVER, PC


                                                  By: _Ronald J Logar_
                                                     Ronald Logar, Esq.
                                                     Attorneys for Defendant Dennis Montgomery

-1-

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICE OF LOGAR & PULVER, PC, and that on the 25th day of January, 2006, I

\_\_\_\_\_ deposited for mailing in the U.S. Mail, with sufficient postage affixed thereto via Certified Mail, Return Receipt requested.

\_\_\_\_\_ sent via Federal Express or other overnight delivery service

_X_ delivered via facsimile machine to fax number _____

_X_ personally delivered

\_\_\_\_\_ caused to be delivered via Reno-Carson Messenger Service

the foregoing document, addressed to:

Jerry M. Snyder, Esq.   *Via Facsimile + Personal Delivery*
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane
Second Floor
Reno, NV 89511

and

Pillsbury Winthrop Shaw Pittman, L.L.P.   *Via Facsimile + US Mail*
David A. Jakopin, Esq.
Jonathan D. Butler, Esq.
2475 Hanover Street
Palo Alto, CA 94304-1114
Facsimile: 650-233-4545

LEZLIE M. LUCAS
Legal Assistant to the
Law Office of Logar & Pulver, PC

1425
J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV  89511
Tel: (775) 327-3000
Fax: (775) 786-6179

PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
DAVID A. JAKOPIN, CA Bar No. 209950
JONATHAN D. BUTLER, CA Bar No. 229638
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545
Application for Admission *Pro Hac Vice* forthcoming
Attorneys for Plaintiff

**IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

**IN AND FOR THE COUNTY OF WASHOE**

ETREPPID TECHNOLOGIES, INC., a
California Corporation,

        Plaintiff,

vs.

DENNIS MONTGOMERY, an individual; and
DOES 1 through 20,

        Defendant.

_____/

CV06 00114

CASE NO.

DEPT. NO.   3

**COMPLAINT**
**(Exempt from Arbitration – Injunctive Relief Sought &**
**Amount in Controversy Exceeds $40,000.00)**

Pursuant to N.R.S. 600A.070.3, Plaintiff hereby lodges the enclosed record conditionally under

seal and will make a motion or application to the Court for an order permitting the record to be filed

under seal.

Plaintiff eTreppid Technologies, L.L.C. ("eTreppid" or "Plaintiff") alleges as follows:

///

## NATURE OF THE ACTION

1.      Defendants Dennis Montgomery ("Montgomery") and DOES 1-20 (collectively, "Defendants") misappropriated trade secrets, have engaged and threatened to blackmail eTreppid by wrongfully converting and withholding eTreppid's sensitive proprietary information, and have breached contractual agreements with eTreppid.

2.      Certain of eTreppid's employees, including Montgomery, are given access to eTreppid's source code on specific terms and conditions designed to allow them to perform their duties while protecting eTreppid's proprietary technology, confidential information, and trade secrets related to eTreppid products (collectively, the "eTreppid Confidential Information"). Prior to January 18, 2006, Defendant Montgomery was employed by eTreppid.  While an eTreppid employee, Montgomery had the ability to access eTreppid Confidential Information.

3.      Because Montgomery is in possession of the only intact source code, and Defendants are continuing to misappropriate and convert the eTreppid Confidential Information to suit their own interests, eTreppid seeks the return of all of the eTreppid Confidential Information in Defendants' possession or control and seeks to enjoin them from obtaining any commercial advantage or unjust enrichment from their misappropriation.  eTreppid also seeks damages for Defendants' wrongful conduct.

### GENERAL FACTUAL ALLEGATIONS
#### The Parties

4.      Plaintiff eTreppid Technologies, L.L.C. is a privately-held limited liability company that develops software for such applications as data compression and pattern recognition.  Its corporate headquarters are located in Reno, Nevada.

5.      Individual Defendant Dennis Montgomery was the Chief Technology Officer of eTreppid.  eTreppid is informed and believes that Montgomery resides in Reno, Nevada.

6.      eTreppid is unaware of the true names and capacities, whether individual, corporate or otherwise, of the defendants sued herein as DOES 1 through 20, and therefore sues these defendants by such fictitious names. eTreppid will amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained. eTreppid is informed and believes, and on that basis alleges, that each of such fictitiously named defendants was acting as the agent, partner, joint venturer or potential business partner or acquirer of eTreppid and is jointly and severally responsible for the acts and omissions alleged herein.

7.      eTreppid is informed and believes, and on that basis alleges, that the Defendants and each of them were the agents, servants and employees of their co-defendants and each of them, and in doing the things alleged herein were acting within the course and scope of their authority as such agents, servants and employees and with the permission and consent of their co-defendants, and each of them.

### The Nature of eTreppid's Business

8.      The eTreppid Source Code is the source code used to implement the various functions performed by eTreppid Software. All of eTreppid's revenues derive from eTreppid Software.

9.      Given the critical importance of eTreppid Source Code to eTreppid, as Chief Technical Officer Dennis Montgomery was solely responsible for maintaining the current version of the eTreppid Source Code and for backing-up (i.e., saving a copy) of the eTreppid Source Code.

10.      To protect the valuable eTreppid Source Code, eTreppid controls access to the source code to protect the security and confidentiality of its intellectual property. As discussed further below, these controls include limiting access to its facilities, to its computer servers, and to its tangible and intangible intellectual property.

### Security Measures Governing Access to eTreppid Source Code.

11.      The eTreppid Source Code , prior to its being deleted, was stored in on-site computer servers, including the SRCSERVER and ISASERVER as well as two different workstations.

5441 Kietzke Lane, Second Floor<br>Reno, Nevada 89511<br>Lionel Sawyer & Collins Dennison and Howard

Associated with each of these servers and workstations was a different RAID (Redundant Array Independent Disks) storage box, which actually stored the eTreppid Source Code. Access to these servers is controlled by an Administrator password. Only Mr. Montgomery and Mr. Venables knew the correct Administrator password.

12.     The eTreppid servers are stored in a server room that is accessible by only a small group of personnel.

13.     As of December, 2005, the most current version of the eTreppid Source Code was stored in the SRCSERVER. Backup copies of the eTreppid Source Code were stored in multiple other locations, including a backup server referred to as ISASERVER as well as two (2) different backup workstations.

14.     For overall building security of eTreppid, only a few employees have access to the building, and turning on and off of the alarm is electronically monitored.

15.     Further, video cameras monitor the activities, including the access doors to the building and the server room, and the video files from these cameras is stored on computers that record this footage. On or soon after January 10, 2006, Mr. Venables discovered that the footage recorded from these cameras had been deleted from the computers.

16.     Mr. Montgomery regularly provided compact discs, DVD's and/or hard disks ("Backup CD's") to eTreppid's Chairman, Mr. Warren Trepp ("Mr. Trepp"), which he informed Mr. Trepp contained the most current version of the eTreppid Source Code.

**Misappropriation of Trade Secrets.**

17.     Historically, programmers developing eTreppid Source Code store pieces of the eTreppid Source Code they are working on at their personal workstations.

18.     eTreppid maintained a network of computers that also allowed these programmers to access a version of the eTreppid Source Code that was maintained on a shared directory.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

19.     Around December 19 or 20 , 2005, Mr. Montgomery began deleting certain eTreppid Source Code files that were located on the hard drive for certain workstation that had not been recently used.    Mr. Montgomery told Mr. Bal, an eTreppid employee, that he was deleting the files on his workstation for security reasons, and that there remained copies of these files on the SRCSERVER that I would still be able to access.  Also, at that time, there still remained on the hard drive of Mr. Bal's workstation other eTreppid Source Code files that he had been using more recently in the performance of his duties at eTreppid.

20.     When Mr. Bal  arrived at work on Monday, January 2, 2006 all of the eTreppid Source Code that he had been using more recently and which had still been on the hard drive for his workstation the previous week had been deleted.

21.     Another programmer/software developer, Mr. Kalluri, also discovered that another collection of eTreppid Source Code files stored at his workstation had been deleted.

22.     Mr. Kalluri asked Mr. Montgomery about the missing eTreppid Source Code, expressing misgivings about the difficulty of continuing to work without access to the files.  Mr. Montgomery responded that he was performing a daily backup so that he'd have the most recent files, and that would provide them with the eTreppid Source Code they required on an as-needed basis.

23.     On December 21, 2005,  Mr. Venables had a phone conversation with Mr. Montgomery, where Mr. Montgomery suggested that Mr. Venables did not need to come to the office. Mr. Venables went to the office anyway, and at that time Mr. Venables noticed that one of the workstations that was used to store a backup copy of the eTreppid Source was missing.  Mr. Venables asked Mr. Montgomery about this, and Mr. Montgomery explained that he had taken this workstation and the associated RAID storage home.

24.     Mr. Venables took a vacation from December 22, 2005 to January 3, 2006.

25.     During the time period between Christmas and New Year's Day, Mr. Montgomery provided Mr. Kalluri with specific files of the eTreppid Source Code upon demand.  To provide the

Haic Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

requested files, Mr. Montgomery copied the files to a shared drive that Mr. Kalluri could access. After Mr. Kalluri accessed the file and copied it to his workstation, the copy in the shared drive was deleted. When he completed his work on the files, Mr. Kalluri copied them back into the shared drive and informed Mr. Montgomery – who would then be responsible for copying that file to the eTreppid Source Server.

26.     Upon returning from his vacation on January 3, 2006, Mr. Venables checked the status of the SRCSERVER and the ISASERVER. From this check, he determined that all of the eTreppid Source Code stored on each of these servers had been deleted. He was informed by another employee, Jesse Anderson, that portions of the eTreppid Source Code that had previously been stored on the programmers workstations had been deleted as well.

27.     On January 3, 2006, Mr. Venables asked Mr. Montgomery what was going on, and Mr. Montgomery said that he was "cleaning stuff up," and that this included deleted files that "weren't needed."

28.     As of January 9, 2006, Mr. Trepp and Mr. Venables discovered that substantially all of the eTreppid Source Code was missing, as none of the programmers had access to the pieces of the eTreppid Source Code they worked on at their personal workstations. Mr. Venables looked for the eTreppid Source Code in the building, but could not find it. Mr. Trepp also directed employees to look for a complete copy of the eTreppid Source Code, to no avail. When Mr. Trepp had the Backup CD's examined, it was discovered that they did not and never had contained a complete copy of the eTreppid Source Code for any period of time, contrary to Mr. Montgomery's representations.

29.     On January 10, 2006, during a brief time during the morning when Mr. Montgomery was in the building, Mr. Venables asked Mr. Montgomery where the eTreppid Source Code had gone. Mr. Montgomery said it was stored on certain "320 Gigabyte hard Drives" in the building. Searches by Mr. Venables and others have failed to locate these 320 Gigabyte hard Drives.

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

30.     Later on January 10, 2006, Mr. Montgomery returned to the building and spoke with the Chairman, Mr. Warren Trepp.  After they talked, Mr. Montgomery spoke with Mr. Venables, stating that if Mr. Trepp "needs to give me big money if he wants" to recover the missing eTreppid Source Code.

### eTreppid is Suffering Irreparable Harm Due to Mr. Montgomery's Misappropriation.

31.     Without the eTreppid Source Code, eTreppid's programmers cannot perform their ordinary duties.  As a result, eTreppid is currently losing over $10,000.00 per day on wages and other administrative costs in order to retain key personnel, even though these personnel cannot perform their ordinary duties because the eTreppid Source Code is missing..

32.     Further, eTreppid currently has various contractual obligations that it will be unable to meet without obtaining the eTreppid Source Code.  For example, eTreppid has a contract with LLH & Associates worth over One Million Dollars that has been  worked on by employees at eTreppid since May 2005.  Work on this contract requires the eTreppid Source Code.

33.     eTreppid also has spent significant time and effort to secure monetarily significant additional contracts with customers that it has had in the past.  At the present moment, certain ones of these additional governmental contracts are very close to being agreed upon, but Mr. Montgomery's actions have forced eTreppid to cancel the previously-scheduled discussions.

### FIRST CAUSE OF ACTION
### (All Defendants)
**(Misappropriation Of Trade Secrets – Nevada Revised Statutes §600A.010 et seq.)**

34.     eTreppid re-alleges each and every allegation set forth in Paragraphs 1 through 33, inclusive, and incorporates them herein by reference.

35.     The eTreppid Confidential Information is comprised of trade secret materials, including, but not limited to, source code regarding eTreppid's " compression     and     pattern recognition technology".  These trade secrets are not generally known to the public or to other persons who can obtain economic value from their disclosure or use.  These trade secrets are the subject of

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

reasonable efforts by eTreppid to maintain their secrecy, and they derive independent economic value from not being generally known. The information destroyed, deleted and/or taken by Montgomery constitutes eTreppid's "trade secrets" under Nevada Revised Statutes section 600A.030.5

36.     On information and belief, Defendants willfully and maliciously misappropriated eTreppid's trade secrets.

37.     By reason of the above-alleged acts and conduct of Defendants, eTreppid has been damaged severely, and will suffer great and irreparable harm and damage in the future. The precise amount of this irreparable harm will be difficult to ascertain, and eTreppid is without an adequate remedy at law to redress its injuries.

38.     eTreppid is entitled to an injunction restraining Defendants, their employers, attorneys, agents, employees, and all persons acting in concert with them, from using, copying, publishing, disclosing, transferring, selling or otherwise distributing eTreppid's trade secrets, or any product or services based on or incorporating all or part of eTreppid's trade secrets, and restraining them from obtaining any commercial advantage or unjust enrichment from the misappropriation of eTreppid's trade secrets.

39.     eTreppid is further entitled to an order requiring Defendants, their employers, attorneys, agents, employees, and all persons acting in concert with them, to return to eTreppid any and all of its trade secrets and confidential, proprietary materials, including but not limited to the eTreppid Confidential Information.

40.     eTreppid is further entitled to recover from Defendants the actual damages sustained by eTreppid as a result of Defendants' wrongful acts described in this complaint. The amount of such damages cannot be determined precisely at this time.

41.     Defendants' acts of misappropriation were both willful and malicious, and eTreppid is entitled to an award of punitive damages and attorney's fees against Defendants. N.R.S. 600A.050-060. eTreppid is further entitled to recover from Defendants the gains, profits, advantages, and unjust

enrichment that they have obtained as a result of their wrongful acts as described herein. N.R.S. 600A.050. eTreppid is at present unable to ascertain the full extent of these gains, profits, advantages and unjust enrichment but, on information and belief, they are substantial and in excess of $10,000.00.

### SECOND CAUSE OF ACTION
### (Defendant Montgomery)
### (Breach of Contract)

42.    eTreppid re-alleges each and every allegation contained in paragraphs 1 through 33, inclusive, and incorporates them herein by reference.

43.    Montgomery breached the terms of his employment agreement and of the contribution agreement by which he assigned to eTreppid any and all rights in the eTreppid Source Code.

44.    As a direct and proximate result of Montgomery's breaches of these agreements, eTreppid has been damaged in an amount and entitled to recover a sum of money according to proof at the time of trial.

### THIRD CAUSE OF ACTION
### (All Defendants)
### (Conversion)

45.    eTreppid re-alleges each and every allegation contained in paragraphs 1 through 33, inclusive, and incorporates them herein by reference.

46.    eTreppid is informed and believes that Defendants have improperly taken and converted eTreppid Confidential Information to their use. The value of the eTreppid Confidential Information is, on information and belief, substantial and in excess of the jurisdictional minimum of this Court.

47.    eTreppid is informed and believes that in committing the acts alleged herein, Defendants are guilty of oppression, fraud or malice in that Defendants wrongfully and unlawfully obtained eTreppid Confidential Information in order to benefit themselves at eTreppid's expense. eTreppid is therefore entitled to an award of punitive damages and attorney's fees against Defendants

///

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

WHEREFORE, eTreppid requests judgment against Defendants, and each of them, and all those acting in concert with them as follows:

1.      A permanent injunction restraining and enjoining Defendants from continuing the wrongful acts and conduct set forth above;

2.      A permanent injunction requiring Defendants to return the eTreppid Confidential Information;

3.      During the pendency of this action, a preliminary injunction enjoining and restraining Defendants from the wrongful acts and conduct set forth above;

4.      During the pendency of this action, a preliminary injunction requiring Defendants to return the eTreppid Confidential Information;

5.      Restitution;

6.      Compensatory damages in an amount to be proven at trial, including but not limited to damages recoverable pursuant to N.R.S. 600A.050.1;

7.      Punitive damages pursuant to N.R.S. 600A.050.2;

8.      Reasonable attorneys' fees;

9.      All costs of suit herein incurred; and

10.      Such other and further relief as the Court may deem proper.

Dated:  January 19, 2006

J. Stephen Peek, Esquire
Nevada Bar Number  1758
Jerry M. Snyder, Esquire
Nevada Bar Number 6830
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
775-327-3000 (tel.), 775-786-6179 (fax)
*Attorneys for Plaintiff eTreppid Technologies, L.L.C.*

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

2222
J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV 89511
Tel: (775) 327-3000
Fax: (775) 786-6179

PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
DAVID A. JAKOPIN, CA Bar No. 209950
JONATHAN D. BUTLER, CA Bar No. 229638
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545
(*Application for Admission Pro Hac Vice Forthcoming*)

Attorneys for Plaintiff



FILED

2006 JAN 19  PM 4:31

RONALD A. LONGTIN, JR.

D. Jaramillo

BY_____
DEPUTY

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

ETREPPID TECHNOLOGIES, INC., a
California Corporation,

        Plaintiff,

    vs.

DENNIS MONTGOMERY, an individual; and
DOES 1 through 20,

        Defendant.

_____/

CASE NO.   CV06 00114

DEPT. NO.   3

### PLAINTIFF'S ETREPPID TECHNOLOGIES, L.L.C.'s *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY PRELIMINARY INJUNCTION AGAINST DENNIS MONTGOMERY: MEMORANDUM OF POINTS AND AUTHORITIES

    Pursuant to NRS 600A.070.3, Plaintiff hereby lodges the enclosed record conditionally under seal and will make a motion or application to the Court for an order permitting the record to be filed under seal.

    Pursuant to Rule 65 of the Nevada Rules of Civil Procedure and NRS 600A.010 et seq. of the Nevada Revised Statutes, eTreppid Technologies, L.L.C. ("eTreppid") hereby applies ex parte for an

order enjoining Dennis Montgomery ("Montgomery") from any further misappropriation, dissemination and/or conversion of eTreppid's proprietary trade secrets, as defined herein, and for an order compelling Mr. Montgomery to immediately return any and all eTreppid trade secrets and other property.

This application is made on the grounds that Mr. Montgomery misappropriated eTreppid's trade secrets in the form of software source code (the "eTreppid Source Code"); he intentionally deleted all other copies of those trade secrets from eTreppid's computer servers; and he has stated his intention to blackmail eTreppid by holding hostage the final intact version of the eTreppid Source Code.

Although Montgomery has not been provided notice of this ex parte application, eTreppid avers that lack of notice is excusable and, indeed, necessary to prevent any further damage to its trade secrets. In addition, Montgomery's counsel was advised that Plaintiffs were seeking the present TRO. This Application is based upon the Complaint filed by eTreppid in this action; this Application; the Memorandum of Points and Authorities, filed in support of the Application; the Declarations of Sloan Venables, Warren Trepp, Barjinder Bal, and Venkata Kalluri, filed in support of the Application; all pleadings, papers, and records on file in this action; and such evidence and argument as may be presented at the hearing.

Dated: January 19, 2006

Steven J. Peek, Esq.
Nevada Bar Number 1758
Jerry M. Snyder, Esq.
Nevada Bar Number 6830
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV 89511
(775) 327-3000; (775) 786-6179 (fax)
Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

This case involves the misappropriation, destruction and/or conversion of trade secrets and proprietary and confidential business materials from plaintiff eTreppid Technologies, L.L.C. ("eTreppid") by defendant Dennis Montgomery ("Mr. Montgomery").   The information misappropriated, destroyed and/or converted by Montgomery (the "eTreppid Source Code") constitutes the only intact version of the eTreppid Source Code. Mr. Montgomery has admitted taking the eTreppid Source Code and has flatly stated his intention to blackmail eTreppid by holding hostage the only intact version of the eTreppid Source Code.

eTreppid would be irretrievably harmed if Mr. Montgomery is allowed to make good on his threats. Accordingly, the Court should enter the requested temporary restraining order ("TRO") and issue the requested Order to Show Cause re Preliminary Injunction.

### II. FACTUAL BACKGROUND.

#### A. eTreppid's Business And The Trade Secrets At Issue.

eTreppid is a privately-held limited liability company that develops software for such applications as data compression and pattern recognition, among other things. Declaration of Sloan Venables in Support of eTreppid Technologies, L.L.C.'s Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause re Preliminary Injunction Against Dennis Montgomery, attached hereto as Exhibit A ("Venables Decl."), 2. eTreppid was originally formed as Intrepid Technologies LLC in 1998.    Declaration of Warren Trepp in Support of eTreppid Technologies, L.L.C.'s Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause re Preliminary Injunction Against Dennis Montgomery, attached hereto as Exhibit B ("Trepp Decl.") 2.

The eTreppid Source Code is the source code used to implement the various functions performed by eTreppid Software. Venables Decl.  3; Trepp Decl.  6. All of eTreppid's revenues derive from eTreppid Software. Venables Decl. 4. Given the critical importance of eTreppid Source Code to eTreppid, as Chief Technical Officer Dennis Montgomery was solely responsible for

mate Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1   maintaining the current version of the eTreppid Source Code and for backing-up (i.e., saving a copy)

2   of the eTreppid Source Code. Venables Decl. 5; Trepp Decl. 3.

3       Historically, programmers developing eTreppid Source Code store pieces of the eTreppid

4   Source Code they are working on at their personal workstations. Venables Decl. 8; Declaration of

5   Barjinder Bal in Support of eTreppid Technologies, L.L.C.'s Ex Parte Application for a Temporary

6   Restraining Order and an Order to Show Cause re Preliminary Injunction Against Dennis

7   Montgomery, attached hereto as Exhibit C ("Bal Decl."), 2; Declaration of Venkata Kalluri in

8   Support of eTreppid Technologies, L.L.C.'s Ex Parte Application for a Temporary Restraining Order

9   and an Order to Show Cause re Preliminary Injunction Against Dennis Montgomery, attached hereto

10  as Exhibit D ("Kalluri Decl."), 2. eTreppid maintained a network of computers that also allowed

11  these programmers to access a version of the eTreppid Source Code that was maintained on a shared

12  directory. Venables Decl. 8; Bal Decl. 2; Kalluri Decl. 2. Mr. Montgomery regularly provided

13  compact discs to eTreppid's Chairman, Mr. Warren Trepp ("Mr. Trepp"), which he informed Mr.

14  Trepp contained the most current version of the eTreppid Source Code ("Backup CD's"). Trepp Decl.

15  5.

16      eTreppid controls access to the eTreppid Source Code to protect its confidentiality. As

17  discussed further below, these controls include limiting access to its facilities, to its computer servers,

18  and to its tangible and intangible intellectual property.

19  **B. Relationship Between eTreppid and Mr. Montgomery.**

20      Both Mr. Trepp and Mr. Montgomery are original founders of eTreppid. Trepp Decl. 2-3.

21  Whereas Mr. Trepp has been Chairman of eTreppid since its formation in 1998, Mr. Montgomery has

22  acted as Chief Technology Officer. Id. When Mr. Montgomery joined eTreppid, he signed an

23  agreement acknowledging his exchange of any and all rights in the eTreppid Source Code for shares in

24  eTreppid. Contribution Agreement, Article I, attached to the Trepp Decl. as Exhibit 1 (the

25  "Contribution Agreement"). Mr. Montgomery was employed by eTreppid and paid by eTreppid to

26  invent and/or develop the eTreppid Source Code, and to accomplish this task Mr. Montgomery made

27  use of eTreppid's facilities, computers, employees and other tools. Trepp Decl. 3. Since 1998, Mr.

28  Montgomery has been responsible for leading eTreppid's development efforts, including those relating

*Hale Lane Peck Dennison and Howard*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

1    to data compression and pattern recognition. Trepp Decl. 3. As part of his responsibilities, Mr.

2    Montgomery maintained the eTreppid Source Code and was responsible for maintaining backup copies

3    thereof. Trepp Decl. 3. He retained these responsibilities until eTreppid terminated his employment

4    on January 18, 2006. Trepp Decl. 3.

         **C. Security Measures Governing Access to eTreppid Source Code.**

6         The eTreppid Source Code is stored in on-site computer servers, including the SRCSERVER,

7    DEVSERVER and ISASERVER. Venables Decl. 6. Associated with each of these servers and

8    workstations was a different RAID storage box, which actually stored the eTreppid Source Code.

9    Venables Decl. 7. Access to these servers is controlled by an eTreppid Administrator password.

10   Venables Decl. 6. Only Mr. Montgomery and Mr. Venables, who was acting as Director of Research

11   and Development, knew this eTreppid Administrator password. Venables Decl. 1, 7. Further, these

12   servers are stored in a server room that is accessible by only a small group of personnel. Venables

13   Decl. 7. As of December 21, 2005, the most current version of the eTreppid Source Code was stored

14   in the SRCSERVER. Venables Decl. 7. Backup copies of the eTreppid Source Code were stored in

15   multiple other locations, including a backup server referred to as ISASERVER as well as two different

16   backup workstations. Venables Decl. 7.

17        For overall building security of eTreppid, only a few employees have access to alarm codes

18   that can turn the building alarm on and off, and that access is electronically monitored by ADT.

19   Venables Decl. 16. Mr. Montgomery is one of those few employees. Venables Decl. 16. Further,

20   video cameras monitor the activities, including the access doors to the building and the server room,

21   and the video files from these cameras are stored on computers that record this footage. Venables

22   Decl. 15.

         **D. Misappropriation of Trade Secrets.**

24        Beginning in or about December 2005, Mr. Montgomery took a series of steps apparently

25   designed to prevent any eTreppid employee other than himself from possessing a complete copy of the

26   eTreppid Source Code. He did this to facilitate his theft. Moreover, Mr. Montgomery's actions reflect

27   a consistent desire to mislead eTreppid and cover his tracks, demonstrating his consciousness of guilt.

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1    Around December 19 or 20, 2005, in response to an inquiry by an eTreppid
2  programmer/software developer, Mr. Barjinder Bal, Mr. Montgomery said that he was deleting
3  eTreppid Source Code files on the hard drive of Mr. Bal's workstation for security reasons.  Bal Decl.
4  3.  Thereafter, Mr. Bal discovered that the eTreppid Source Code he had been recently working on had
5  been deleted from the hard drive of his workstation.  Bal Decl.  4.  Another programmer/software
6  developer, Mr. Venkata Kalluri, also discovered that another collection of eTreppid Source Code files
7  stored at his workstation had been deleted.  Kalluri Decl.  3.

8    Mr. Kalluri, among others, expressed misgivings to Mr. Montgomery about continuing to work
9  without access to the eTreppid Source Code files.  Kalluri Decl.  3.  Mr. Montgomery responded that
10  he was performing a daily backup so that he'd have the most recent files, and that would provide them
11  with the eTreppid Source Code.  Kalluri Decl.  3.

12    Mr. Venables took a vacation from December 22, 2005 to January 3, 2006.  Venables Decl.
13  10.  He had a phone conversation with Mr. Montgomery on the morning of December 22, 2005, during
14  which Mr. Montgomery suggested that Mr. Venables did not need to come to the office.  Venables
15  Decl.  9.  Mr. Venables went to the office anyway, and at that time noted one of the workstations and
16  its RAID storage box that was used to store a backup copy of the eTreppid Source was missing.
17  Venables Decl., 8.  Mr. Venables asked Mr. Montgomery about this, and he explained that he had
18  taken this workstation and its associated RAID box home.  Venables Decl., 9.

19  Between Christmas and New Year's Day, Mr. Montgomery provided Mr. Kalluri with specific files of
20  the eTreppid Source Code upon demand.  Kalluri Decl.  4.  To provide the requested files, Mr.
21  Montgomery copied the files to a shared drive that Mr. Kalluri could access.  Kalluri Decl.  4.  After
22  Mr. Kalluri accessed the file and copied it to his workstation, the copy in the shared drive was deleted.
23  Kalluri Decl.  4.  When he completed his work on the files, Mr. Kalluri copied them back into the
24  shared drive and informed Mr. Montgomery – who would then be responsible for copying that file to
25  the eTreppid Source Server.  Kalluri Decl.  4.

26    Upon returning from his vacation on January 3, 2006, Mr. Venables checked the status of the
27  SRCSERVER and the ISASERVER.  Venables Decl.  11.  From this check, he determined that all of
28  the eTreppid Source Code stored on each of these servers had been deleted.  Venables Decl.  11;

1   Kalluri Decl. 5. He was informed by another employee, Jesse Anderson, that much of the eTreppid
2   Source Code that had previously been stored on programmers workstation had been deleted.
3   Venables Decl., 11.

4   On January 3, 2006, Mr. Venables asked Mr. Montgomery what was going on, and Mr.
5   Montgomery said that he was "cleaning stuff up," and that this included deleted files that "weren't
6   needed" from the SRCSERVER. Venables Decl. 12.

7   As of January 9, 2006, Mr. Trepp and Mr. Venables were informed that all of the Etreppid
8   Source Code was missing, as none of the programmers had access to the pieces of the eTreppid Source
9   Code they worked on at their personal workstations. Trepp Decl., 4; Venables Decl. 13. Mr.
10  Venables, along with others, looked for the eTreppid Source Code in the building, but could not find it.
11  Venables Decl. 13. Mr. Trepp also directed employees to look for a complete copy of the eTreppid
12  Source Code to no avail. Trepp. Decl. 4. When Mr. Trepp examined the Backup CD's, he
13  discovered that they do not and never contained a complete copy of the eTreppid Source Code for any
14  period of time, contrary to Mr. Montgomery's representations. Trepp. Decl. 4.

15  On January 10, 2006, during a brief time that morning when Mr. Montgomery was in the
16  building, Mr. Venables asked Mr. Montgomery where the eTreppid Source Code had gone. Venables
17  Decl. 14. Mr. Montgomery said it was stored on certain "320 Gigabyte hard Drives" in the building.
18  Venables Decl. 14. Searches by Mr. Venables and others have failed to locate these 320 Gigabyte
19  hard Drives. Venables Decl. 14.

20  Later on January 10, 2006, Mr. Montgomery returned to the building and spoke with the
21  Chairman, Mr Warren Trepp. Venables Decl. 15. After they talked, Mr. Montgomery spoke with
22  Mr. Venables, stating that if Mr. Trepp "needs to give me big money if he wants" to recover the
23  missing eTreppid Source Code. Venables Decl. 15. Mr. Venables subsequently discovered that
24  substantial amounts of the footage recorded from eTreppid's surveillance cameras had been deleted
25  from the computers. Venables Decl. 16. Further, as a result of ADT's electronic monitoring of access
26  to the building, eTreppid was able to determine that Mr. Montgomery was the only employee to turn
27  the alarm off and on during the weekend prior to January 10, 2006. Venables Decl. 16.

28

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

E. eTreppid is Suffering Irreparable Harm Due to Mr. Montgomery's Misappropriation.

Without the eTreppid Source Code, eTreppid's programmers cannot perform their ordinary duties. Trepp. Decl. 7. As a result, eTreppid is currently spending over $10,000.00 per day on wages and other administrative costs in order to retain key personnel, even though these personnel cannot perform their ordinary duties because the eTreppid Source Code is missing. Trepp. Decl. 7.

Further, eTreppid currently has various contractual obligations that it will be unable to meet without obtaining the eTreppid Source Code. Trepp. Decl. 8-9. For example, eTreppid has a contract with LLH & Associates worth over one million dollars that is currently being worked on by employees at eTreppid. Trepp. Decl. 8. Without the eTreppid Source Code, the company cannot meet this obligation. Trepp. Decl. 8.

eTreppid also has spent significant time and effort to secure other lucrative contracts with its previous customers. Trepp. Decl. 9. At the present time, certain of these additional contracts are very close to being agreed upon, but Mr. Montgomery's actions have forced eTreppid to cancel the previously-scheduled discussions. Id. Further, eTreppid cannot reschedule these discussions until it has recovered a specific portion of the eTreppid Source Code because its obligations under these additional contracts will require that eTreppid have this specific portion of the eTreppid Source Code. Id. The portion of the eTreppid Source Code needed is referred to herein as the "FOOS eTreppid Source Code portion" for Filtering and Other Output Steps combination of programs that are used for two separate Department of Defense government development efforts. Id.

### III. ETREPPID IS ENTITLED TO A TEMPORARY RESTRAINING ORDER.

The purpose of a TRO or preliminary injunction is to preserve the status quo until the merits can be determined. *Dixon v. Thatcher*, 103 Nev. 414, 415 (1987) ("A preliminary injunction to preserve the status quo is normally available upon a showing that the party seeking it enjoys a reasonable probability of success on the merits and that the defendant's conduct, if allowed to continue, will result in irreparable harm for which compensatory damage is an inadequate remedy.") (citations omitted); *Memory Gardens v. Pet Ponderosa Memorial Gardens*, 88 Nev. 1, 4 (1972) ("[e]ven if the act causing the injury has been completed before the action is instituted, a mandatory injunction may be granted to restore the status quo"). Such injunctive relief does not purport to fix the

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1   ultimate rights and obligations of the parties.  The granting of a TRO merely determines that, pending

2   the hearing on the preliminary injunction, a party should be restrained from doing that which the other

3   party claims ought not to be done.  NRS 33.010; Nev. R. Civ. Proc. 65(b); see *Nevada Management*

4   *Co. v. Jack*, 75 Nev. 232, 236 (1959) (court granted temporary restraining order without notice to

5   prevent defendant from selling or encumbering plaintiff's property because plaintiff "had the right to

6   seek an order which would maintain the status quo of the logs until there is a determination of the

7   rights of the parties").  Little or no showing concerning the merits is required to obtain a TRO.  See

8   NRS 33.010; Nev. R. Civ. Proc. 65(b); see e.g., *Rhodes Mining Co. v. Belleville Placer Mining Co.*, 32

9   Nev. 230, (1910) (where "the sole object for which an injunction is sought is... the maintenance of the

10  status quo, until the question of right between the parties can be decided on final hearing, the

11  injunction properly may be allowed, although there may be serious doubt of the ultimate success of the

12  complainant.") (decision under former statute).

13          To grant interim injunctive relief, courts consider two factors:  (1) the likelihood of plaintiff's

14  success on the merits; and (2) a reasonable probability that the non-moving party's conduct, if allowed

15  to continue, will cause irreparable harm for which compensatory damage is an inadequate remedy.

16  *Dangberg Holdings Nev., L.L.C. v. Douglas County*, 115 Nev. 129, 142 (1999); *Dixon v. Thatcher*,

17  103 Nev. 414, 415 (1987).  As set forth below, eTreppid is likely to prevail on the merits of its claims,

18  but will suffer great and irreparable harm if an interim injunction is not issued.  Therefore, and for the

19  purpose of preserving the status quo, eTreppid is entitled to injunctive relief.

20          A.     **There Is More Than a Reasonable Probability That eTreppid Will Prevail on The**

21                 **Merits.**

22                 1.     Montgomery Has Misappropriated eTreppid's Trade Secrets.

23          Nevada statutory law authorizes the use of injunctions where, as here, misappropriation of a

24  trade secret has occurred.  See NRS 600A.040, 600A.070 (providing that courts "may order

25  affirmative acts to protect a trade secret" and courts "shall preserve the secrecy of an alleged trade

26  secret by reasonable means").  Under NRS 600A.030(5), a trade secret is defined as:  information,

27  including, without limitation, a formula, pattern, compilation, program, device, method, technique,

28  product, system, process, design, prototype, procedure, computer programming instruction or code

*Hale Lane Peck Dennison and Howard*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

1   that: (a) Derives independent economic value, actual or potential, from not being generally known to,

2   and not being readily ascertainable by proper means by the public or any other persons who can obtain

3   commercial or economic value from its disclosure or use; and (b) Is the subject of efforts that are

4   reasonable under the circumstances to maintain its secrecy.

5          NRS 600A.030(5) (2005) (emphasis added).  The information Montgomery has deleted and/or

6   wrongfully taken from eTreppid qualifies as trade secrets.  The information satisfies the first element

7   of Nevada Revised Statutes section 600A.030(5) in that it derives value from not being known to the

8   general public and competitors who could obtain economic value from its use.  See Trepp Decl.  3;

9   Venables Decl.  3 (discussing value and competitively-sensitive nature of information deleted and/or

10  wrongfully taken by Mr. Montgomery).  Courts regularly find that software source code and related

11  software information are trade secrets.  *See Rivendell Forest Prods. v. Georgia-Pacific Corp.*, 28 F.3d

12  1042 (10th Cir. 1994); *Aries Info. Sys. v. Pacific Mgmt. Sys. Corp.*, 366 N.W.2d 366 (Minn. Ct. App.

13  1985).

14         The information deleted and/or wrongfully taken by Montgomery also satisfies the second

15  prong of Nevada Revised Statutes section 600A.030(5), because eTreppid has taken reasonable steps

16  to maintain its secrecy.  See e.g., *Frantz v. Johnson*, 116 Nev. 455, 467 (2000) (court found that

17  "secrecy was guarded" where trade secrets owner locked customer and pricing lists in file cabinets,

18  limited access to offices, and established security codes to building).  The steps eTreppid adopted

19  included restricting access to its building facility, electronically monitoring access to its building

20  facility, maintaining video cameras to monitor activities inside the building, and limiting access to the

21  eTreppid Source Servers by a password known only to two senior-level employees.  These precautions

22  were more than adequate to maintain the trade secret status of eTreppid's Confidential Information.

23  Accordingly, pursuant to the mandate of NRS 600A.032, a rebuttable presumption exists that eTreppid

24  made reasonable efforts to maintain the secrecy of its trade secrets.

25         The evidence likewise demonstrates that Montgomery misappropriated eTreppid's trade

26  secrets by his deletions and wrongful taking.  Nevada Revised Statutes section 600A.030(2) defines

27  misappropriation in pertinent part to include "[a]cquisition of the trade secret of another by a person by

28  improper means."  NRS 600A.030.1 further defines "improper means" to include "[theft]; ...[w]illful

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1   breach… of a duty to maintain secrecy; [w]illful breach… of a duty imposed by common law, statute,

2   [or] contract; [and] [e]spionage through electronic or other means."

3       Nevada Revised Statutes section 600A.030.2(c)(2) also defines misappropriation to include the

4   use or disclosure of trade secrets by a person who knew or had reason to know that the trade secret was

5   "[a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use."

6   Montgomery cannot seriously deny his duty to maintain the secrecy of eTreppid's trade secrets under

7   his employment arrangement and termination contract.

8       Montgomery's destruction, misappropriation and conversion of all versions of eTreppid's

9   source code could result from numerous possible motivations, but the result is the same no matter the

10   reason: eTreppid has suffered irreparable harm based on Montgomery's sabotage of its computer

11   systems, and it continues to suffer irreparable harm so long as Montgomery maintains possession

12   and/or control of the sole remaining version of the source code at issue.  eTreppid is entitled to

13   immediate injunctive relief to prevent Montgomery or any other person or entity from continuing to

14   misappropriate eTreppid's trade secrets, and from obtaining any commercial advantage by using

15   eTreppid's trade secrets.

16       2.   Montgomery Breached his Contribution Agreement and the Terms of His

17       Employment.

18       By deleting and/or otherwise misappropriating the eTreppid Source Code, Montgomery

19   breached the terms of the Contribution Agreement that he signed upon joining eTreppid in 1998, as

20   well as the terms of his employment.  Among other things, by the terms of the Contribution Agreement

21   Mr. Montgomery effectively "agree[d] to transfer, contribute, assign and convey to" eTreppid all of his

22   "know-how; trade secrets… software programs and all programming and source codes used in

23   connection therewith or otherwise required to operate any component thereof…"  Contribution

24   Agreement, Article I, Sections 1.1-1.2.  Accordingly, Mr. Montgomery sold to eTreppid any interest

25   he might have held in the eTreppid Source Code as of 1998.

26       Furthermore, any work that Mr. Montgomery performed on the eTreppid Source Code after

27   1998 accrued to eTreppid's benefit.  Under the general provisions of Nevada common law in effect

28   when Mr. Montgomery's employment with eTreppid began, "if an employee is hired for the purpose

5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

of inventing, the law will recognize an implied contract giving the employer ownership of contracted-for inventions." *Mary LaFrance, Nevada's Employee Inventions Statute: Novel, Nonobvious, and Patently Wrong*, p.1 (2002). Mr. Montgomery was employed as Chief Technology Officer for the purpose of inventing and/or developing the eTreppid Source Code, and eTreppid paid him a regular salary for these services. Trepp Decl. 3. Further, to invent and/or develop the eTreppid Source Code, Mr. Montgomery used eTreppid's facilities, computers, employees and other tools. Id. Accordingly, under the Nevada common law in effect when he joined eTreppid, all of Mr. Montgomery's work on the eTreppid Source Code belongs to eTreppid.

Although Nevada's legislature chose to replace this rule in 2001, the new rule reinforces eTreppid's ownership interest in any work performed on the eTreppid Source Code by Mr. Montgomery within the scope of his employment. The new statute provides that "an employer is the sole owner of any patentable invention or trade secret developed by his employee during the course and scope of the employment that relates directly to the work performed during the course and scope of the employment." NRS 600.500.

Thus, Mr. Montgomery breached his contractual agreement with eTreppid, entitling eTreppid to relief.

### 3. Montgomery Has Improperly Converted eTreppid Source Code.

eTreppid is also likely to prevail on its conversion claim. "Conversion is 'a distinct act of dominion wrongfully exerted over another personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title of rights.' Further, conversion is an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606 (2000) (citations omitted). The evidence discussed above demonstrates that Montgomery deleted and/or wrongfully took eTreppid's Confidential Information, providing a further basis for entering a TRO against Montgomery.

### B. The Balance of Hardships Heavily Favors a Temporary Restraining Order.

Courts routinely recognize that the loss of a trade secret is an irreparable injury that cannot be remedied solely in damages. See, e.g., *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 525-

26 (9th Cir. 1984) (irreparable harm found where plaintiff presented evidence of "considerable time and money that it had invested in the development of its products"); see also *Imi-Tech Corp. v. Gagliani*, 691 F. Supp. 214, 231 (S.D. Cal. 1987) ("Irreparable injury is...shown by evidence of [plaintiffs'] investment of time and money in the development of the secret process misappropriated...since harm to [plaintiffs'] competitive position lacks any adequate remedy at law."). The damage to eTreppid from denying the requested relief would be extensive and irreparable. eTreppid is currently suffering irreparable harm with each passing minute that Mr. Montgomery wrongfully withholds the eTreppid Source Code. Without the TRO, eTreppid will be deprived of the benefit of many years of research and development by allowing Montgomery. The requested TRO will prevent future use or deletion of the eTreppid Source Code, and further irreparable harm to eTreppid

By contrast, the requested relief threatens absolutely no hardship to Montgomery. Montgomery will simply be required to refrain from using, disseminating or deleting information that is indisputably eTreppid's property, and to immediately return all eTreppid property (including, but not limited to, the workstation and RAID server taken by December 21, 2005, and all files contained therein). Because Montgomery is not entitled to use, disseminate or delete such information, the requested injunction should have no impact on Montgomery.

**IV. CONCLUSION.**

For the foregoing reasons, the Court should enter the temporary restraining order and order to show cause sought by eTreppid.

Dated: January 19, 2006

J. Stephen Peek, Esquire
Nevada Bar Number 1758
Jerry M. Snyder, Esquire
Nevada Bar Number 6830
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
775-327-3000 (tel.), 775-786-6179 (fax)
*Attorneys for Plaintiff eTreppid Technologies, L.L.C.*

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1372
J. Stephen Peek, Esq. (NV Bar #1758)
Jerry M. Snyder, Esq. (NV Bar #6830)
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, NV 89511
Tel: (775) 327-3000
Fax: (775) 786-6179

PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
DAVID A. JAKOPIN, CA Bar No. 209950
JONATHAN D. BUTLER, CA Bar No. 229638
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545
(Application for Admission Pro Hac Vice forthcoming)

Attorneys for Plaintiff

FILED

2006 JAN 19  PM 4: 30

RONALD A. LONGTIN, JR.
BY_____ D. Jaramillo
DEPUTY

# IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

ETREPPID TECHNOLOGIES, INC., a
California Corporation,

            Plaintiff,

vs.

DENNIS MONTGOMERY, an individual; and
DOES 1 through 20,

            Defendant.

CASE NO.  CV06 00114

DEPT. NO.  3

**ATTORNEY CERTIFICATION IN SUPPORT OF ETREPPID TECHNOLOGIES, L.L.C.'S
EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER MOTION FOR
A PRELIMINARY INJUNCTION AGAINST DENNIS MONTGOMERY
CONDITIONALLY UNDER SEAL**

      Pursuant to N.R.S. 600A.070.3, Plaintiff hereby lodges the enclosed record conditionally under

seal and will make a motion or application to the Court for an order permitting the record to be filed

under seal.

      I, JERRY M. SNYDER, declare as follows:

      I am an attorney for eTreppid Technologies, L.L.C. ("eTreppid"), Plaintiff in the above-

entitled action. I have read the ETREPPID TECHNOLOGIES, L.L.C.'S EX PARTE APPLICATION

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

1   FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE

2   PRELIMINARY INJUNCTION AGAINST DENNIS MONTGOMERY, and know its contents. Prior

3   to filing the Complaint in this action and seeking a Temporary Restraining Order, I advised Eric

4   Pulver, counsel for Defendant Dennis Montgomery, that Plaintiff eTreppid intended to appear in court

5   on Thursday, January 19, 2006, to seek a TRO.

6       I certify under penalty of perjury under the laws of the State of Nevada that the foregoing is

7   true and correct.

8       Dated:  January 19, 2006

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

J. Stephen Peek, Esquire
Nevada Bar Number 1758
Jerry M. Snyder, Esquire
Nevada Bar Number 6830
Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
775-327-3000 (tel.), 775-786-6179 (fax)
*Attorneys for Plaintiff eTreppid Technologies, L.L.C.*

*Hale Lane Peek Dennison and Howard*
*5441 Kietzke Lane, Second Floor*
*Reno, Nevada 89511*

1  PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
   DAVID A. JAKOPIN, CA Bar No. 209950
2  JONATHAN D. BUTLER, CA Bar No. 229638
   2475 Hanover Street
3  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
4  Facsimile: (650) 233-4545

5  HALE LANE PEEK DENNISON AND HOWARD
   Jerry M. Snyder, NV Bar No. 6830
6  5441 Kietzke Lane, Second Floor
   Reno, NV 89511
7  Telephone: (775) 327-3000
   Facsimile: (775) 786-6179

8
   Attorneys for Plaintiff
9  ETREPPID TECHNOLOGIES, L.L.C.

FILED

2006 JAN 19  PM 4: 32

RONALD A. LONGTIN, JR.

BY____D. Jaramillo
        DEPUTY

10              IN THE JUSTICE COURT OF RENO TOWNSHIP

11               COUNTY OF WASHOE, STATE OF NEVADA

12

13  _____        CV06 C0114

14  ETREPPID TECHNOLOGIES, L.L.C., a    )   No.        3
    California Corporation,             )
15                                      )   DECLARATION OF VENKATA
                      Plaintiff,        )   KALLURI IN SUPPORT OF
16                                      )   ETREPPID TECHNOLOGIES, L.L.C.'S
          vs.                           )   *EX PARTE* APPLICATION FOR A
17                                      )   TEMPORARY RESTRAINING
    DENNIS MONTGOMERY, an individual;   )   ORDER AND ORDER TO SHOW
18  and DOES 1 through 20,              )   CAUSE RE PRELIMINARY
                                        )   INJUNCTION AGAINST DENNIS
19                    Defendants.       )   MONTGOMERY
                                        )
20                                      )   Date:  January __, 2006
                                        )   Time:  __:00 __.__.
21                                      )   Dept.:
                                        )
22                                      )   Complaint Filed: January 19, 2006
                                        )
23                                      )   Trial Date:  None

24  _____

                    **CONDITIONALLY UNDER SEAL**
25
          Pursuant to NRS 600A.070.3, Plaintiff hereby lodges the enclosed record
26
    conditionally under seal and will make a motion or application to the Court for an order
27
    permitting the record to be filed under seal.
28

US_SW_600106524_1 kalluri.doc              - 1 -

KALLURI DECL. ISO ETREPPID'S EX PARTE APPLICATION FOR TRO AND OSC

1      I, Venkata Kalluri, do hereby declare that:

2      1.    I am a programmer and software developer for eTreppid Technologies,

3  L.L.C. ("eTreppid"). I have worked at eTreppid since 2001.

4      2.    Historically, in working at eTreppid, eTreppid Source Code that I work on is

5  copied from the central storage for the eTreppid Source Code to a local storage that is

6  associated with the workstation that I work at. As a result, over time, a collection of the

7  different eTreppid Source Code files that I have worked on was stored on my workstation.

8      3.    In December, 2005, right before the Christmas holiday, I noticed that this

9  collection of different eTreppid Source code files that was stored on my workstation was

10  deleted. I asked Mr. Montgomery about this, and he explained that he was backing up the

11  eTreppid Source Code, and would provide to me the portion of the eTreppid Source Code

12  that I needed to work on.

13      4.    During the time between Christmas and New Year's day, if I needed an

14  eTreppid Source Code file, I would request if from Mr. Montgomery, he would copy that

15  file from a location that he knew (the eTreppid Source Server I believed), to a shared drive

16  that I could access. I would access that file and copy it to my workstation, and the copy in

17  the shared drive was then deleted. Upon my completing work on a particular eTreppid

18  Source Code file, I would copy the file back into the shared drive, and inform Mr.

19  Montgomery. He was then responsible for copying that file to the eTreppid Source Server.

20      5.    Sometime during the work week of January 3-6, after not having the

21  eTreppid Source Code files I needed available, I attempted to go to the share directory of

22  the eTreppid Source Code Server, to which I had access. When I made this attempt, I

23  discovered that the eTreppid Source Code files that had previously been stored in the share

24  directory were just not there.

25

26

27

28

KALLURI DECL. ISO ETREPPID'S EX PARTE APPLICATION FOR TRO AND OSC

1    I declare under penalty of perjury under the laws of the State of Nevada that the

2    foregoing is true and correct.

3    Executed this 19 day of January, 2006, at Reno, Nevada.

4

5

6    _____
         Venkata Kalluri

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KALLURI DECL. ISO ETREPPID'S EX PARTE APPLICATION FOR TRO AND OSC

1  PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
   DAVID A. JAKOPIN, CA Bar No. 209950
2  JONATHAN D. BUTLER, CA Bar No. 229638
   2475 Hanover Street
3  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
4  Facsimile: (650) 233-4545

5  HALE LANE PEEK DENNISON AND HOWARD
   Jerry M Snyder, NV Bar No. 6830
6  5441 Kietzke Lane, Second Floor
   Reno, NV 89511
7  Telephone: (775) 327-3000
   Facsimile: (775) 786-6179

8
   Attorneys for Plaintiff
9  ETREPPID TECHNOLOGIES, L.L.C.

FILED

2006 JAN 19  PM 4: 32

RONALD D. Jaramillo JR.

BY_____
        DEPUTY

10            IN THE JUSTICE COURT OF RENO TOWNSHIP

11            COUNTY OF WASHOE, STATE OF NEVADA

12

13  _____

                                        CV06 C0114
                                             3

14  ETREPPID TECHNOLOGIES, L.L.C., a    )  No.
    California Corporation,              )
15                                       )  DECLARATION OF SLOAN
                          Plaintiff,     )  VENABLES IN SUPPORT OF
16                                       )  ETREPPID TECHNOLOGIES, L.L.C.'S
         vs.                             )  EX PARTE APPLICATION FOR A
17                                       )  TEMPORARY RESTRAINING
    DENNIS MONTGOMERY, an individual;    )  ORDER AND ORDER TO SHOW
18  and DOES 1 through 20,               )  CAUSE RE PRELIMINARY
                                         )  INJUNCTION AGAINST DENNIS
19                        Defendants.    )  MONTGOMERY
                                         )
20                                       )  Date:  January __, 2006
                                         )  Time:  __:00 __.
21                                       )  Dept.:
                                         )
22                                       )  Complaint Filed: January 19, 2006
                                         )
23  _____)  Trial Date: None

24

25                    **CONDITIONALLY UNDER SEAL**

26        Pursuant to N.R.S. 600A.070.3, Plaintiff hereby lodges the enclosed record

27  conditionally under seal and will make a motion or application to the Court for an order

28  permitting the record to be filed under seal.

1        I, Sloan Venables, do hereby declare that:

2        1.       I have been an employee of eTreppid Technologies, L.L.C. ("eTreppid")

3    since 1999.  My current position is Director of Research and Development, which I have

4    had since joining the company.

5        2.       eTreppid is a privately-held company that develops software that relates

6    generally to data compression and pattern recognition, among other things.

7        3.       "Source code" is a technical term to refer to the human-readable computer

8    code that is written by programmers to implement the functions performed by the software.

9    Source code is converted to a "binary" executable form that a computer can operate upon.

10   "eTreppid Source Code" is the source code that is used to implement the functions

11   performed by eTreppid Software.  The eTreppid Source Code is valuable because it is not

12   known to the general public and competitors who could obtain economic value from its use.

13       4.       All of the revenue generated by eTreppid rely on the eTreppid Software.

14       5.       Due to the critical importance of the eTreppid Source Code to the Company,

15   the Chief Technical Officer of the company, Mr. Dennis Montgomery, had sole

16   responsibility for maintaining the most current version of the eTreppid Source Code, as

17   well as sole responsibility for backing-up (i.e. saving a copy) of the eTreppid Source Code.

18   To my knowledge, this arrangement has not changed since I started working for eTreppid

19   until the present.

20       6.       I have worked with Mr. Montgomery in relation to the backup of the

21   eTreppid Source Code by building the hardware that is used to store the eTreppid Source

22   Code.  I am also the only person other than Mr. Montgomery with password access to the

23   eTreppid Administrator password for the various servers, including SRCSERVER,

24   ISASERVER, and DEVSERVER.  I have this password because I maintain the physical

25   hardware and because I am also responsible for the backup of information other than

26   eTreppid Source Code on the company's servers.

27       7.       The most-current version of the eTreppid Source Code has historically been

28   stored in a server referred to as the SRCSERVER.  Backup copies of the eTreppid Source

US_SW_600106522_1.DOC                           - 2 -

VENABLES DECL. ISO ETREPPID'S EX PARTE APPLICATION FOR TRO AND OSC

1   Code were historically stored in multiple different locations, with two different backup

2   workstations being used for this purpose.  On December 21, 2005, I took the initiative to

3   store an additional back-up copy of the eTreppid Source Code on a backup server referred

4   to as the ISASERVER.  Associated with each of these servers and workstations was a

5   different RAID storage box, which actually stored the eTreppid Source Code.  The

6   SRCSERVER and the ISASERVER had an eTreppid administrator password known only

7   to myself and Mr. Montgomery.  Accordingly, we are the only personnel who could access

8   these servers (other than the share drive on SRCSERVER, which was accessible over the

9   internal network).  Further, these servers are stored in a server room that is accessible by

10  only a small group of personnel.

11       8.      Historically, programmers developing eTreppid Source Code store pieces of

12  the eTreppid Source Code they are working on at their personal workstations.  eTreppid

13  maintained a network of computers that also allowed these programmers to access a version

14  of the eTreppid Source Code that was maintained on the share directory of SRCSERVER.

15       9.      On December 21, 2005, I had a phone conversation with Mr. Montgomery

16  wherein he suggested I did not need to come to the office.  I went in anyway, and at that

17  time I noticed that one of the workstations and its RAID storage box – which was used to

18  store a backup copy of the eTreppid Source Code – was missing.  I asked Mr. Montgomery

19  about this, and he explained that he had taken this workstation and its RAID storage box to

20  his home.

21       10.     I took a vacation from December 22, 2005 to January 3, 2006.

22       11.     Upon my return from vacation on January 3, 2006, I checked the status of

23  the SRCSERVER and the ISASERVER.  From this check, I determined that all of the

24  eTreppid Source Code stored on each of these servers had been deleted.  I was informed by

25  another employee, Jesse Anderson, that some of the eTreppid Source Code that had

26  previously been stored on many of the programmers' personal workstations had been

27  deleted as well.

28

1    12.    On January 3, 2006, I inquired with Mr. Montgomery what was going on, he

2    said that he was "cleaning stuff up," and this included deleting files that "weren't needed"

3    from the SRCSERVER.

4    13.    By Monday, January 9, 2006, I was informed that all of the Etreppid Source

5    Code was missing, and that none of the programmers had access to the pieces of the

6    eTreppid Source Code they worked on at their personal workstations. I, along with others,

7    spent most of the January 10-12, 2006 timeframe searching for eTreppid Source Code in

8    the building, but could not find it.

9    14.    On January 10, 2006, during a brief time in the morning when Mr.

10   Montgomery was in the building, I asked him where the eTreppid Source Code had gone.

11   He said it was stored on certain "320 Gigabyte hard Drives" in the building. Searches by

12   myself and others have failed to locate any 320 Gigabyte hard Drives that contain eTreppid

13   Source Code.

14   15.    Later on January 10, 2006, Mr. Montgomery returned to the building and I

15   saw him talking with the Chairman, Mr. Warren Trepp. After they talked, Mr.

16   Montgomery passed by my office and we spoke. I asked him again about a certain part of

17   the eTreppid Source Code that was missing, and Mr. Montgomery stated "he needs to give

18   me big money if he wants it."

19   16.    For overall building security of eTreppid, only a few employees have access

20   to alarm codes that can turn the building alarm on and off, which is electronically

21   monitored by ADT. Mr. Montgomery is one of those few employees. As a result of this

22   monitoring, eTreppid was able to determine that Mr. Montgomery was the only employee

23   to turn the alarm off and on during the weekend prior to January 10, 2006. Further, video

24   cameras monitor the activities, including the access doors to the building and the server

25   room, and the video files from these cameras is stored on computers that record this

26   footage. On or shortly after January 10, 2006, I checked these computers and the recorded

27   footage from these cameras had been deleted.

28

VENABLES DECL. ISO ETREPPID'S EX PARTE APPLICATION FOR TRO AND OSC

1    I declare under penalty of perjury under the laws of the State of Nevada that the

2  foregoing is true and correct.

3         Executed this ___ day of January, 2006, at Reno, Nevada.

4

5                                        _____
6                                                Sloan Venables

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLES DECL. ISO ETREPPID'S EX PARTE APPLICATION FOR TRO AND OSC

2006 JAN 19  PM 4:32

RONALD A. LONGTIN, JR.

BY_____
D. Jaramillo

1  PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
   DAVID A. JAKOPIN, CA Bar No. 209950
2  JONATHAN D. BUTLER, CA Bar No. 229638
   2475 Hanover Street
3  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
4  Facsimile: (650) 233-4545

5  HALE LANE PEEK DENNISON AND HOWARD
   Jerry M. Snyder, NV Bar No. 6830
6  5441 Kietzke Lane, Second Floor
   Reno, NV 89511
7  Telephone: (775) 327-3000
   Facsimile: (775) 786-6179
8
   Attorneys for Plaintiff
9  ETREPPID TECHNOLOGIES, L.L.C.

10              IN THE JUSTICE COURT OF RENO TOWNSHIP

11                COUNTY OF WASHOE, STATE OF NEVADA

12

13                                             CV06 00114

| | |
|---|---|
| 14  ETREPPID TECHNOLOGIES, L.L.C., a California Corporation, | No. |
| 15                          Plaintiff, | DECLARATION OF BARJINDER BAL IN SUPPORT OF ETREPPID TECHNOLOGIES, L.L.C.'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AGAINST DENNIS MONTGOMERY |
| 16         vs. | |
| 17  DENNIS MONTGOMERY, an individual; | |
| 18  and DOES 1 through 20, | |
| 19                          Defendants. | |
| 20 | Date:   January __, 2006 Time:   _:00 _._. Dept.: |
| 21 | |
| 22 | Complaint Filed:  January 19, 2006 |
| 23 | Trial Date:  None |

24              **CONDITIONALLY UNDER SEAL**

25      Pursuant to NRS 600A.070.3, Plaintiff hereby lodges the enclosed record

26  conditionally under seal and will make a motion or application to the Court for an order

27  permitting the record to be filed under seal.

28

BAL DECL. ISO ETREPPID'S EX PARTE APPLICATION FOR TRO AND OSC

1       I, Barjinder Bal, do hereby declare that:

2       1.    I am a programmer/software developer for eTreppid Technologies, L.L.C.

3  ("eTreppid").  I have worked at eTreppid since March, 2000.

4       2.    Historically, in working at eTreppid, eTreppid Source Code that I work on is

5  copied from the central storage for the eTreppid Source Code to a local storage that is

6  associated with the workstation that I work at.  As a result, over time, a collection of the

7  different eTreppid Source Code files that I have worked on was stored on my workstation.

8       3.    Around December 19 or 20, 2005, Mr. Montgomery began deleting certain

9  eTreppid Source Code files that were located on the hard drive for my workstation and

10  which I had not recently used.   Mr. Montgomery told me he was deleting the files on my

11  workstation for security reasons, and that there remained copies of these files on the

12  SRCSERVER that I would still be able to access.  Also, at that time, there still remained on

13  the hard drive for my workstation other eTreppid Source Code files that I had been using

14  more recently in the performance of my duties at eTreppid.

15       4.    When I arrived at work on Monday, January 2, 2006 all of the eTreppid

16  Source Code that I had been using more recently and which had still been on the hard drive

17  for my workstation the previous week had been deleted.

18       I declare under penalty of perjury under the laws of the State of Nevada that the

19  foregoing is true and correct.

20       Executed this _19_ day of January, 2006, at Reno, Nevada.

21

22

23                                      Barjinder Bal

24

25

26

27

28

BAL DECL. ISO ETREPPID'S EX PARTE APPLICATION FOR TRO AND OSC

1  PILLSBURY WINTHROP SHAW PITTMAN, L.L.P.
   DAVID A. JAKOPIN, CA Bar No. 209950
2  JONATHAN D. BUTLER, CA Bar No. 229638
   2475 Hanover Street
3  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
4  Facsimile: (650) 233-4545

5  HALE LANE PEEK DENNISON AND HOWARD
   Jerry M. Snyder, NV Bar No. 6830
6  5441 Kietzke Lane, Second Floor
   Reno, NV 89511
7  Telephone: (775) 327-3000
   Facsimile: (775) 786-6179
8
   Attorneys for Plaintiff
9  ETREPPID TECHNOLOGIES, L.L.C.

10                    IN THE JUSTICE COURT OF RENO TOWNSHIP

11                    COUNTY OF WASHOE, STATE OF NEVADA

12

13  _____

14  ETREPPID TECHNOLOGIES, L.L.C., a )      No.
    California Corporation,          )
15                                   )      DECLARATION OF WARREN TREPP
                        Plaintiff,   )      IN SUPPORT OF ETREPPID
16                                   )      TECHNOLOGIES, L.L.C.'S *EX PARTE*
        vs.                          )      APPLICATION FOR A TEMPORARY
17                                   )      RESTRAINING ORDER AND ORDER
    DENNIS MONTGOMERY, an individual;)      TO SHOW CAUSE RE
18  and DOES 1 through 20,           )      PRELIMINARY INJUNCTION
                                     )      AGAINST DENNIS MONTGOMERY
19                      Defendants.  )
                                     )      Date:  January __, 2006
20                                   )      Time:  __:00 __.__.
                                     )      Dept.:
21                                   )
                                     )      Complaint Filed: January 19, 2006
22                                   )
                                     )      Trial Date:  None
23  _____)

CV06 C0114
No.  3

24                    **CONDITIONALLY UNDER SEAL**

25         Pursuant to N.R.S. 600A.070.3, Plaintiff hereby lodges the enclosed record

26  conditionally under seal and will make a motion or application to the Court for an order

27  permitting the record to be filed under seal.

28

1      I, Warren Trepp, do hereby declare that:

2      1.     eTreppid Technologies, L.L.C. ("eTreppid") is a Nevada L.L.C. that

3  develops software that relates generally to data compression and pattern recognition, among

4  other things.

5      2.     I am a founder of eTreppid, which was formed as Intrepid Technologies,

6  L.L.C. in 1998. Since that time and to the present, I have held the position of Chairman.

7      3.     Dennis Montgomery is another founder of the company, and his title

8  throughout his employment at eTreppid was Chief Technical Officer. When he joined

9  eTreppid, Mr. Montgomery signed a Contribution Agreement which effectively assigned all

10  rights in his trade secrets and other inventions to eTreppid. This Contribution Agreement is

11  attached to this declaration as Exhibit A. Mr. Montgomery was responsible for leading the

12  development efforts of the company, including those related to data compression, pattern

13  recognition and others, from 1998 until he was terminated on January 18, 2006. As part of

14  his responsibilities, Mr. Montgomery was solely responsible for maintaining the eTreppid

15  Source Code, and he was solely responsible for maintaining backup copies of the eTreppid

16  Source Code. To invent and/or develop the eTreppid Source Code, Mr. Montgomery used

17  eTreppid's facilities, computers, employees and other tools. The eTreppid Source Code is

18  valuable because it is not known to the general public and competitors who could obtain

19  economic value from its use.

20      4.     As of January 9, 2006, essentially all eTreppid Source Code, which was

21  stored in numerous locations within the company, had been deleted. Although Mr.

22  Montgomery told me on January 9, 2006 that the eTreppid Source Code was stored on 753

23  different hard drives within the company, I have since directed employees to attempt to find

24  a complete copy of the eTreppid Source Code. No complete copy of the eTreppid Source

25  Code has been found. Despite hundreds of man hours of search efforts by these employees,

26  only a very small number of eTreppid Source Code files remain – none of which by

27  themselves have any use. For practical purposes, the eTreppid Source Code is gone and

28  cannot be located.